## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TAMMY BURKHART,** | ) | |
| **Formerly Tammy Ambrose** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| | ) | **Division** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **WALGREEN CO.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **Serve Registered Agent:** | ) | |
| **The Prentice Hall Corporation System** | ) | |
| **Kansas Inc.** | ) | |
| **2900 SW Wanamaker Dr. Ste 204** | ) | |
| **Topeka, KS 66614** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Tammy Burkhart (formerly known as Tammy Ambrose), by and through the undersigned counsel, and states and alleges as follows for her Complaint for Damages against Defendant Walgreen Co.

## PARTIES

1.     Plaintiff, **Tammy Burkhart**, is a Missouri resident who was employed with Defendant as a Store Manager in Roeland Park, Kansas, until Defendant terminated her employment on or about August 19, 2021.

2.     Defendant, **Walgreen Co**., is and was at all times relevant to the allegations contained herein, a Delaware corporation that operated stores and pharmacies throughout the country, including at the store where Plaintiff was employed, in Roeland Park, Kansas.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the matter involves questions under federal law, including the Americans with Disabilities Act, including as amended in 2008 ("ADA"), 42 U.S.C. §12101 *et seq.*; and claims of gender discrimination and retaliation in violation of Title VII, 42 U.S.C. §2000 *et seq.*

4.     Upon information and belief, at all times relevant to the allegations herein, Defendant was engaged in an industry affecting commerce, had 15 or more employees, and is an "employer" as defined in 42 U.S.C. § 12111.

5.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.     Jurisdiction is proper over Defendant Walgreen Co. in that it transacts business in the State of Kansas, and the alleged tortious acts, omissions and occurrences giving rise to the claims alleged herein were committed by Defendant in the State of Kansas.

7.     Venue is proper in this Court as the alleged tortious acts, omissions and occurrences giving rise to the claims alleged herein occurred in Johnson County, Kansas.

## CONDITION PRECEDENT

8.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 3, 2021, assigned charge number 563-2021-02699. *A true and accurate copy of the charge is attached hereto as **Exhibit A** and incorporated herein by reference.*

9.      Plaintiff thereafter received her Notice of Right to Sue issued by the EEOC dated March 7, 2022, permitting her to assert the federal claims alleged herein. *A true and accurate copy of the Notice is attached hereto as **Exhibit B** and incorporated herein by reference.*

10.     This action is timely filed with the Court and Plaintiff has met all conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

11.     Plaintiff began her employment with Defendant in December 2019.

12.     Throughout Plaintiff's employment she held the position of Store Manager of Operations at the Roeland Park, Kansas location.

13.     In April 2021, Plaintiff was injured at work when a metal plate from the baler she was using broke.

14.     When the baler broke, it came down on Plaintiff's left hand, crushing it.

15.     Plaintiff immediately notified her District Manager, Matthew Hughes, and her Regional Manager of the injury and her need for medical treatment.

16.     Plaintiff underwent medical treatment for several months and continues to require medical treatment.

17.     Plaintiff's medical treatment was provided through workers' compensation.

18.     As a result of the serious injury to Plaintiff's left hand, she was unable to use her left hand during her employment with Defendant and continues to have limitations today.

19.     In June 2021, Eric Jones became Plaintiff's District Manager and supervisor, replacing Matthew Hughes.

20.     When Eric Jones became Plaintiff's supervisor and the District Manager for her area, Plaintiff experienced discriminatory treatment.

21.     Mr. Jones was aware of Plaintiff's workplace injury and disability/perceived disability at the time he was her supervisor from June 2021 until her termination.

22.     Plaintiff was one of three female managers under District Manager Jones. The remaining ten managers who reported to Mr. Jones were male.

23.     Jones did not provide Plaintiff with staffing resources or assistance. However, Mr. Jones did provide resources and assistance to the male store managers.

24.     Plaintiff was excluded from manager meetings. More specifically, Mr. Jones scheduled the manager meeting calls at the time Plaintiff was scheduled to leave the store, making it difficult for her to attend the calls.

25.     Mr. Jones talked to Plaintiff in a condescending manner, yelled at her and expressed unwarranted frustration with her.

26.     Based on information and belief, Mr. Jones did not treat male managers with such hostility or in such a condescending manner.

27.     Mr. Jones also refused to honor Plaintiff's medical restrictions as it related her to her workplace injury and disability/perceived disability.

28.     As a result of the ongoing harassment and discrimination that Plaintiff was experiencing from District Manager Eric Jones, based on her gender and disability/perceived disability, Plaintiff informed Mr. Jones that she would be contacting Human Resources/Employee Relations to make a formal complaint about his treatment of her.

29.     Plaintiff informed Eric Jones of her intentions on July 1, 2021.

30.     Plaintiff made her complaint of gender discrimination and disability discrimination to Human Resources/Employee Relations on July 7, 2021.

31.     Plaintiff spoke with Nycole Matthews of Human Resources/Employee Relations regarding the gender discrimination and disability discrimination she was experiencing from Eric Jones.

32.     Plaintiff's conversation with Ms. Matthews about the discriminatory conduct lasted approximately forty-five minutes.

33.     At the end of the conversation, Plaintiff was told that her complaint would be escalated to Ryan Kruger, and that Mr. Kruger would be reaching out to Plaintiff.

34.     On July 8, 2021, the day after Plaintiff's complaints of discrimination, Eric Jones came to Plaintiff's store, and was yelling at Plaintiff. Based on information and belief, Mr. Jones was angry that Plaintiff had made a complaint of discrimination to Human Resources/Employee Relations.

35.     During his visit on July 8, 2021, Mr. Jones expressed anger that Plaintiff had not swept the store parking lot, despite her inability to do so because of her injury/disability, and medical restrictions.

36.     Mr. Jones forced Plaintiff to sweep the store parking lot despite her inability to use her left hand.

37.     Approximately two weeks passed following Plaintiff's July 7, 2021 conversation with Ms. Matthews, and Plaintiff had not received any communication from Mr. Kruger.

38.     Plaintiff continued to experience discrimination and retaliation from Eric Jones.

39.     Mr. Jones continued to treat Plaintiff in a hostile and condescending manner, refused to provide her with assistance or resources, and continued to minimize her injury, including by refusing to abide by her medical restrictions/limitations.

40.     On or about July 22, 2021, Plaintiff reached out to Nycole Matthews. In response, a meeting between Plaintiff and Mr. Kruger was scheduled.

41.      Plaintiff spoke with Mr. Kruger on or about July 23, 2021, and reiterated the discriminatory treatment she had received from Mr. Jones, based on her gender and disability/perceived disability.

42.     Plaintiff also informed Mr. Kruger of the retaliation she had experienced since reporting Mr. Jones' discriminatory conduct to Human Resources/Employee Relations on or about July 7, 2021.

43.     During the call with Mr. Kruger, Plaintiff expressed that she did not believe anything would change in terms of Mr. Jones' discriminatory treatment of her.

44.     Thereafter, on or about August 2, 2021, less than two weeks after Plaintiff's conversation with Mr. Kruger, Eric Jones emailed Plaintiff threatening to write her up.

45.     On or about August 3, 2021, Plaintiff was able to attend the managers' call and heard employees, including Mr. Jones, laughing about her and her injury/disability.

46.     On or about August 5, 2021, Plaintiff reached out to Eric Jones requesting help because many of the store staff and pharmacy staff had quit.

47.     Plaintiff was essentially shouldering the additional work herself, with little to no assistance.

48.     In response to Plaintiff's request for help, Eric Jones said that he would stop by the store to discuss staffing issues.

49.     On or about August 5, 2021, Eric Jones went to Plaintiff's store.

50.     Upon his arrival, Eric Jones pulled out his laptop and conferenced Ryan Kruger into the meeting. Mr. Jones then informed Plaintiff that he was writing her up.

51.     Eric Jones made false statements about Plaintiff, including accusing her of not filing for PTO, which she had in fact done.

52.     Eric Jones was falsifying allegations and information against Plaintiff to attempt to justify the unwarranted disciplinary write up.

53.     Plaintiff informed Ryan Kruger that she was not comfortable with the way the meeting was unfolding and requested the participation of Asset Protection, which is a right that an employee may invoke.

54.      On or about August 17, 2021, Plaintiff emailed Ryan Kruger and Eric Jones to request staffing assistance. More specifically, Plaintiff informed them that she was doing all she could to perform and cover all duties and responsibilities needed, but with her medical restrictions and the nerve pain in her left hand, she could not adequately staff the pharmacy.

55.     On or about August 19, 2021, Eric Jones fired Plaintiff.

56.     Prior to Plaintiff's injury and complaints of discrimination, Plaintiff had never been disciplined or counseled about her job performance.

57.     Prior to Plaintiff's injury and complaints of discrimination, Plaintiff received positive performance reviews.

58.     Upon information and belief, Plaintiff was discriminated against in the terms, conditions, and privileges of her employment, including being terminated from her employment, because of her disability and/or her perceived disability.

59.     Upon information and belief, Plaintiff was discriminated against in the terms, conditions and privileges of her employment including being terminated from her employment, because of her gender.

60.     Upon information and belief Plaintiff was retaliated against in the terms, conditions, and privileges of her employment, including being terminated from her employment following her complaints of discrimination.

61.     Upon information and belief, Plaintiff was discharged by Defendant in retaliation for exercising the rights to which she was entitled under the Kansas workers' compensation laws.

62.     As a result of Defendant's discriminatory and retaliatory conduct, acts and omissions, Plaintiff has suffered and will continue to suffer emotional distress, lost wages, and lost benefits.

63.     At all times mentioned herein, the above-referenced individuals and/or employees were agents, employees, and servants of Defendant, and were at all such times acting within the course and scope of their employment, and/or their actions were expressly authorized or ratified by Defendant, making Defendant liable under the doctrine of *respondeat superior*.

## COUNT I
### Disability Discrimination/Perceived Disability Discrimination
**(Violations of the Americans with Disabilities Act, including as amended ("ADA"))**
**(42 U.S.C. §12101 *et seq.*)**

64.     Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs as though fully set forth here.

65.     Upon information and belief, Defendant was a person engaged in an industry affecting commerce that had 15 or more employees and is an "employer" as defined in 42 U.S.C. § 12111.

66.     The ADA prohibits discrimination against a person who has, or is regarded as having, a physical impairment that substantially limits one or more of his or her major life activities.

67.     At all times relevant herein, Plaintiff was disabled/regarded as disabled by Defendant as a result of Plaintiff's substantial limitations in the major life activity of the use and function of her left hand following the severe injury she sustained in April 2021.

68.     Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations.

69.     Upon information and belief, the conduct and actions by the above-described perpetrators were done on the basis of Plaintiff's disability/perceived disability and constituted discrimination based on disability/perceived disability.

70.     By failing and refusing to accommodate Plaintiff with respect to her disability, including by failing to honor her medical restrictions and limitations, mocking and minimizing her injury/disability, harassing Plaintiff and treating her with hostility, issuing Plaintiff unwarranted criticism regarding her job performance,  and ultimately terminating her employment, Defendant engaged in conduct prohibited by the ADA/ADAAA. 42 USC §12101 *et seq.*

71.     Plaintiff suffered tangible adverse employment actions as a result of Defendant's conduct referenced herein, including the termination of her employment.

72.     Defendant's alleged conduct caused Plaintiff mental anguish and emotional distress, and Plaintiff has incurred lost wages as a result of Defendant's conduct.

73.     Defendant's conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

74.     Upon information and belief, Defendant's treatment of Plaintiff was discriminatory in nature and was based on Plaintiff's status a person who has or is regarded as having a physical impairment that substantially limits one or more major life activities.

75.     Upon information and belief, supervisory and administrative-level employees of Defendant knew or should have known of the discrimination but failed to appropriately address the problem and further failed to implement effective and appropriate procedures to stop the discrimination.

76.     As a result of Defendant's alleged discriminatory conduct, acts, and omissions Plaintiff has incurred and will continue to incur lost wages and emotional distress.

77.     The actions set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

78.     At all times mentioned herein, the above-referenced perpetrators and/or other representatives of Defendant were employees, agents and servants of Defendant and were at all such times acting within the course and scope of their employment with Defendant, and/or their actions were expressly authorized by Defendant, making Defendant liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. § 12101 *et seq.*, for an award of compensatory damages, including lost wages, lost benefits and emotional distress damages: for an award of punitive damages; pre-judgment and post judgment interest as provided by law; for her costs expensed; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper, including equitable relief.

## COUNT II
## Sex Discrimination
### (Violation of Title VII, 42 U.S.C. § 2000e *et seq.*)

79.     Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs as though fully set forth here.

80.     During the course and scope of Plaintiff's employment, Defendant's representatives, while acting in the course and scope of their employment, engaged in a pattern and practice of discrimination against Plaintiff based on her gender.

81.     The discrimination to which Plaintiff was subjected, based on her sex/gender, included, but was not limited to, Plaintiff's supervisors failing to provide her appropriate assistance and support, failing to provide Plaintiff with appropriate resources to assist with her store manager duties and responsibilities, excluding Plaintiff from manager meetings, issuing Plaintiff harsh and unwarranted criticism and discipline, treating Plaintiff with hostility and in a condescending manner, and other unfair and negative treatment to which male managers were not subjected.

82.     The actions of Defendant were discriminatory and constitute a disparity in treatment toward Plaintiff, as a female store manager, as to the terms, conditions and privileges of employment, on the basis of her gender/sex, and constitute unlawful employment practices in violation of Title VII.

83.     Plaintiff suffered tangible adverse employment actions as a result of Defendant's conduct referenced herein, including the termination of her employment.

84.     Defendant's alleged conduct caused Plaintiff mental anguish and emotional distress.

85.     Defendant's conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

86.     Upon information and belief, Defendant's treatment of Plaintiff was discriminatory in nature and was based on Plaintiff's female gender/sex.

87.     Upon information and belief, supervisory and administrative level employees of Defendant knew or should have known of the discrimination but failed to appropriately address the problem and further failed to implement effective and appropriate procedures to stop the discrimination.

88.     As a result of Defendant's alleged discriminatory conduct, acts, and omissions Plaintiff has incurred and will continue to incur lost wages and benefits.

89.     At all times mentioned herein, the above referenced perpetrators and/or other employees, were employees, agents and servants of Defendant and were at all such times acting within the course and scope of their employment with Defendant, and/or their actions were expressly authorized by Defendant, making Defendant liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §2000e *et seq.;*  for an award of compensatory damages, including lost wages, lost benefits and emotional distress damages; for an award of punitive damages; pre-judgment and post judgment interest as provided by law; for her costs expensed and reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper, including equitable relief.

## COUNT III
## Retaliation in Violation of the ADA
### (42 U.S.C. § 12101, *et seq.*)

90.     Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs as though fully set forth here.

91.     Plaintiff, throughout the month of July 2021, made complaints of discrimination regarding Eric Jones' treatment of her due to her disability/perceived disability, to Human Resources/Employee Relations, and to Regional Manager Ryan Kruger.

92.     Plaintiff informed her supervisor, Eric Jones, at the beginning of July 2021, that she would be making a complaint against him to Human Resources/Employee Relations regarding his discriminatory treatment of her.

93.     Plaintiff's complaints of discrimination throughout the month of July 2021 constituted legally protected activity under the ADA, 42 U.S.C. §12101 *et seq.*

94.     Following Plaintiff's reports of discriminatory treatment in July 2021, Defendant retaliated against Plaintiff in ways including, but not limited to, mocking and minimizing her disability; issuing her harsh and unwarranted criticism, discipline and write-ups; and ultimately terminating her employment.

95.     Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

96.     At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

97.     As a result of Defendant's retaliation, Plaintiff has incurred and will continue to incur lost wages, and emotional distress.

98.     The actions set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count IIII of her Complaint, for a finding that she has been subjected to unlawful retaliation as prohibited by 42 U.S.C. §12101 *et seq.*; for an award of compensatory damages, including lost wages, lost benefits and emotional distress damages; for an award of punitive damages; pre-judgment and post judgment interest as provided by law; for her costs expended and reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper, including equitable relief.

### COUNT IV
**(Retaliation in Violation of Title VII, 42 U.S.C. § 2000e *et seq.*)**

99     Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs as though fully set forth here.

100.     Plaintiff, throughout the month of July 2021, made complaints of discrimination regarding Eric Jones' treatment of her based on her female sex/gender to Human Resources/Employee Relations and to Regional Manager Ryan Kruger.

101.     Plaintiff informed Eric Jones at the beginning of July 2021 that she would be making a complaint against him to Human Resources/Employee Relations regarding his discriminatory treatment of her.

102.     Plaintiff's complaints of discrimination throughout the month of July 2021 constituted legally protected activity under Title VII, 42 U.S.C. §2000e *et seq.*

103.    Following Plaintiff's reports of discriminatory treatment in July 2021, Defendant retaliated against Plaintiff in ways including, but not limited to, disciplining her, creating write-ups, and ultimately terminating her employment.

104.    Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

105.    At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

106.    As a result of Defendant's retaliation, Plaintiff has incurred and will continue to incur lost wages and emotional distress.

107.    The actions set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count IV of her Complaint, for a finding that she has been subjected to unlawful retaliation as prohibited by 42 U.S.C. §2000e *et seq*;  for an award of compensatory damages, including lost wages, lost benefits and emotional distress damages; for an award of punitive damages; pre-judgment and post judgment interest as provided by law; for her costs expended and reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper, including equitable relief.

## COUNT V
## Retaliation/Wrongful Termination in Violation of R.S.Mo. §287.780

108.     Plaintiff incorporates herein by reference, the allegations contained in all preceding paragraphs as though fully set forth herein.

109.    Plaintiff sustained injury to her left hand in April of 2021, when a metal plate on the baler she was using broke, causing the baler to crush her left hand.

110.     As a result of the workplace injury she sustained, Plaintiff sought benefits under the Missouri workers' compensation laws, R.S.Mo. §287.010 *et seq.* including but not limited to, medical treatment.

111.     Defendant had knowledge of Plaintiff's workplace injury as of April 2021.

112.     Defendant treated Plaintiff in a negative, discriminatory, and retaliatory manner from June 2021 through the time of her termination, including but not limited to issuing Plaintiff harsh and unwarranted criticism and discipline, treating Plaintiff with hostility, and ultimately terminating Plaintiff's employment.

113.     Upon information and belief, Plaintiff was retaliatorily discharged due to her exercise of rights, to which she was entitled, under the Missouri workers' compensation laws, R.S.Mo. §287.010 *et seq.* including seeking medical treatment.

114.     Upon information and belief, Defendant violated Missouri law R.S.Mo. §287.780, and public policy, by discharging Plaintiff from her employment, and retaliating against her with other adverse employment actions, due to her exercise of rights under the Missouri Workers' Compensation statute as set forth in R.S.Mo. §287. 010 *et seq.*

115.     As a direct and proximate cause of the alleged wrongful discharge, in violation of R.S.Mo. §287.780, Plaintiff has incurred and will continue to incur lost wages and emotional distress.

116.     The actions and conduct set forth herein were outrageous, showed evil motive or reckless indifference, or conscious disregard for the rights of Plaintiff and others, and were willful, wanton, and malicious, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count V of her Complaint, for an award of compensatory damages including lost wages and emotional distress damages; for an award of punitive damages; post judgment interest as provided by law; for her costs expended; and for such other further and equitable relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury in the United States District Court for the District of Kansas in Kansas City, Kansas, on all counts alleged herein.

Respectfully submitted,

**HOLMAN SCHIAVONE, LLC**

By: */s/Anne W. Schiavone*
    Anne W. Schiavone, KS Bar 19669
    Kathleen E. Mannion KS Bar 25362
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    aschiavone@hslawllc.com
    kmannion@hslawllc.com

    ATTORNEY FOR PLAINTIFF